IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMART LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. 21 C 2419 |
| ANY TIME HEATING & AIR CONDITIONING, INC., an Illinois corporation, | ) ) ) ) | JUDGE SARA L. ELLIS |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF THE PROMISSORY NOTE, DIRECTING DEFENDANT TO
TURN OVER DELINQUENT FRINGE BENEFIT CONTRIBUTION REPORTS
AND ENTERING JUDGMENT AGAINST DEFENDANT AND GARY MURPHY**

NOW COME Plaintiffs, SMART LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Promissory Note entered into between the parties on November 9, 2021 and for an order directing ANY TIME HEATING & AIR CONDITIONING, INC., an Illinois corporation, Defendant herein, to turn over monthly fringe benefit contribution reports due for the months of February 2022 and March 2022, pursuant to the Agreements and Declarations of Trust to which Defendant is bound, said monthly contribution reports being required in order to liquidate Plaintiffs' claims, and entering judgment against Defendant, ANY TIME HEATING & AIR CONDITIONING, INC., an Illinois corporation, and GARY MURPHY, individually. In support of the Motion, Plaintiffs state as follows:

1.	This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the SMART Local 265 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with SMART Local 265, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2.	On November 9, 2021, Gary Murphy ("Murphy"), in his capacity as an officer of Defendant, Any Time Heating & Air Conditioning, Inc., and in his individual capacity, executed a Promissory Note (a copy of the Promissory Note is attached as Exhibit 1).

3.	On November 19, 2021, a Notice of Dismissal [Dkt. 10] was filed with this Court.

4.	On November 22, 2021, this Court dismissed this cause of action pursuant to the parties' Notice of Dismissal without prejudice and with leave to reinstate on or before June 15, 2022 (a copy of the Court's Notification of Docket Entry dated November 22, 2021 [Dkt. 11] is attached as Exhibit 2).

5.	Defendant agreed that it owed the total amount of $27,878.37 to be paid in 12 monthly installments of $2,500.00 (with the last installment being in the amount of $592.32) from November 20, 2021 through October 20, 2021, as described in Paragraph 1 of the Promissory Note.

6.	The total amount due of $18,559.40 represents late fees due for the late payment of contributions for May 2020 through June 2021 and Plaintiffs agreed to reduce by one-half on the condition that Defendant and Murphy meet the obligations set forth in the Promissory Note. In the

2

event of default under the Promissory Note, the Plaintiffs could reinstate the $25,087.87 in late fees which were previously waived. If the late fees were reinstated, the Defendant and Murphy are responsible for the payment of the balance due under the Promissory Note and the reinstated late fees.

7. Defendant and Murphy also promised to timely report and submit on a monthly basis the contributions due and owing during the term in which payments are made, as described in Paragraph 3 of the Promissory Note.

8. In the event of default in the payment of the installments described in Paragraph 1 and/or the contributions due as described in Paragraph 3 of the Promissory Note, the balance remaining unpaid under the Promissory Note, plus the reinstated late fees in the amount of $25,087.87, shall become immediately due and payable, without demand or notice. Further, in the event of a default, Defendant and Murphy promised to pay all costs of collection and reasonable attorneys' fees incurred by the Plaintiffs as a result of said default.

9. Defendant has submitted five (5) installments of $2,500.00 each due on November 20, 2021, December 20, 2021, January 20, 2022, February 20, 2022 and March 20, 2022.

10. On March 21, 2022, Plaintiffs' counsel sent a letter to Murphy advising him that if Defendant failed to submit the required contribution reports and contributions due for the period December 2021 forward by March 25, 2022, Plaintiffs' counsel would reinstate the instant litigation and obtain judgment for all contributions, liquidated damages, attorneys' fees and costs incurred as well as all amounts due under the Promissory Note (a copy of the March 21, 2022 letter from Plaintiffs' counsel to Defendant is attached hereto as Exhibit 3).

11. During the week of April 11, 2022, Defendant submitted its December 2021 contribution report and paid the contributions due in the amount of $28,304.40 and also the January 2022 report and contributions due thereon in the amount of $17,655.90. However, Defendant continues to remain delinquent with the submission of its report and contributions due for the month of February 2022, owes late fees for the late submission of its previous reports and contributions due thereon outside of the Promissory Note and March 2022 is now due and owing.

12. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Promissory Note, for an Order directing Defendant to turn over its monthly fringe benefit contribution reports due for the months of February 2022 and March 2022 and entering judgment against the Defendant and Gary Murphy. Specifically, Plaintiffs request:

    A. That judgment be entered in favor of Plaintiffs and against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, to include the amount of $15,521.76, being the total amount remaining due pursuant to the Promissory Note.

    B. That judgment be entered in favor of Plaintiffs and against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, to include the amount of $25,087.87, being the amount of late fees previously waived by Plaintiffs.

    C. That judgment be entered in favor of Plaintiffs and against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, to include costs and all reasonable attorneys' fees incurred by the Plaintiffs as a result of the breach of the terms of the Promissory Note.

    D. That Defendant submit its monthly fringe benefit contribution reports for the months of February 2022 and March 2022, within fourteen (14) days of the entry of this Order, and that the Court enter final judgment against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, after Plaintiffs determine all amounts due.

  E.  That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

                  /s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone:  (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Plaintiffs' Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 27th day of April 2022:

      Mr. Brett M. Dale, Registered Agent
      Any Time Heating & Air Conditioning, Inc.
      1755 S. Naperville Road, Suite 200
      Wheaton, IL   60189

      Mr. Gary W. Murphy, President
      Any Time Heating & Air Conditioning, Inc.
      10S264 Schoger Road
      Naperville, IL   60564-8263


                                          /s/   Cecilia M. Scanlon


Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone:  (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\Any Time\#29193\motion to reopen.cms.df.wpd