IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMART LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 21 C 2419 |
| ANY TIME HEATING & AIR CONDITIONING, INC., an Illinois corporation, | ) ) ) | JUDGE SARA L. ELLIS |
| Defendant. | ) ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF A FINAL
## JUDGMENT ORDER AGAINST DEFENDANT AND GARY MURPHY

NOW COME Plaintiffs, SMART LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of a final judgment order against Defendant, ANY TIME HEATING & AIR CONDITIONING, INC., an Illinois corporation, and GARY MURPHY, individually. In support of the Motion, Plaintiffs state as follows:

1.     This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the SMART Local 265 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with SMART Local 265, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2.      On November 9, 2021, Gary Murphy ("Murphy"), in his capacity as an officer of Defendant, Any Time Heating & Air Conditioning, Inc., and in his individual capacity, executed a Promissory Note.

3.      On November 19, 2021, a Notice of Dismissal [Dkt. 10] was filed with this Court.

4.      On November 22, 2021, this Court dismissed this cause of action pursuant to the parties' Notice of Dismissal without prejudice and with leave to reinstate on or before June 15, 2022.

5.      Defendant agreed that it owed the total amount of $27,878.37 to be paid in 12 monthly installments of $2,500.00 (with the last installment being in the amount of $592.32) from November 20, 2021 through October 20, 2021, as described in Paragraph 1 of the Promissory Note.

6.      The total amount due of $18,559.40 represents liquidated damages due for the late payment of contributions for May 2020 through June 2021 and Plaintiffs agreed to reduce by one-half on the condition that Defendant and Murphy meet the obligations set forth in the Promissory Note. In the event of default under the Promissory Note, the Plaintiffs could reinstate the $25,087.87 in liquidated damages which were previously waived. If the liquidated damages were reinstated, the Defendant and Murphy are responsible for the payment of the balance due under the Promissory Note and the reinstated liquidated damages.

7.      Defendant and Murphy also promised to timely report and submit on a monthly basis the contributions due and owing during the term in which payments are made, as described in Paragraph 3 of the Promissory Note.

8.      In the event of default in the payment of the installments described in Paragraph 1 and/or the contributions due as described in Paragraph 3 of the Promissory Note, the balance remaining unpaid under the Promissory Note, plus the reinstated liquidated damages in the amount

2

of $25,087.87, shall become immediately due and payable, without demand or notice. Further, in the event of a default, Defendant and Murphy promised to pay all costs of collection and reasonable attorneys' fees incurred by the Plaintiffs as a result of said default.

9.     On June 16, 2022, this Court entered judgment in favor of Plaintiffs and directed the Defendant to submit its monthly fringe benefit contribution reports for February and March 2022.

10.     As of June 27, 2022, Defendant has submitted a total of $20,000.00 to be applied toward the amounts due pursuant to the Promissory Note, leaving a balance due and owing of $8,057.46.

11.     Defendant further owes liquidated damages in the amount of twenty (20%) percent of the contributions due, or a total of $17,061.48, for the failure to timely submit its reports and contributions due for July 2021 through November 2021. Plaintiffs requested that Defendant submit these liquidated damages, but Defendant failed to do so.

12.     Since filing their motion to reopen the instant litigation and the Court's order granting the Plaintiffs' motion, Defendant submitted its delinquent reports and the contributions due thereon for December 2021 through April 2022. However, due to the untimely submission of the reports and contributions due, Defendant owes liquidated damages in the amount of twenty (20%) percent of the contributions due, or a total of $10,300.06. Once again, Plaintiffs requested that Defendant submit the liquidated damages, but Defendant failed to do so.

13.     For all the reasons stated, the Plaintiffs hereby move the Court for the entry of a Final Judgment Order, which accurately sets forth the amounts due and owing from Defendant, Any Time Heating & Air Conditioning, Inc., and Gary Murphy. Specifically, Plaintiffs request:

A.      That judgment be entered in favor of Plaintiffs and against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, to include the amount of $8,057.46, being the total amount remaining due pursuant to the Promissory Note.

B.      That judgment be entered in favor of Plaintiffs and against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, to include the amount of $25,087.87, being the amount of liquidated damages previously waived by Plaintiffs.

C.      That judgment be entered in favor of Plaintiffs and against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, to include the amount of $27,028.42 for liquidated damages incurred for July 2021 through March 2022 for the untimely submitted of monthly fringe benefit contribution reports for July 2021 through April 2022.

D.      That judgment be entered in favor of Plaintiffs and against Defendant, Any Time Heating & Air Conditioning, Inc. and Gary Murphy, to include costs and all reasonable attorneys' fees incurred by the Plaintiffs as a result of the breach of the terms of the Promissory Note in the total amount of $3,885.75.

E.      That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone:  (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Plaintiffs' Motion for Entry of a Final Judgment Order Against Defendant and Gary Murphy) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 21st day of July 2022:

Mr. Brett M. Dale, Registered Agent
Any Time Heating & Air Conditioning, Inc.
1755 S. Naperville Road, Suite 200
Wheaton, IL  60189

Mr. Gary W. Murphy, President
Any Time Heating & Air Conditioning, Inc.
10S264 Schoger Road
Naperville, IL  60564-8263

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone:  (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\Any Time\#29193\motion for entry of a final judgment order.cms.df.wpd